**Gene BUTTS, Plaintiff,**

v.

**James R. MONK, Prosecuting Attorney, Sullivan County, Indiana; John S. Elmore, Deputy Prosecuting Attorney Sullivan County, Indiana, Robert E. Hiatt, Sheriff Sullivan County, Indiana Unnamed Deputy Sheriffs, Sullivan County, Indiana, John T. Shettle, Superintendent, Indiana State Police; Unnamed Members of the Indiana State Police, Shelburn Town Marshall, and all other Law Enforcement Agencies and Officers who may have Jurisdiction to make Arrest in Sullivan County, Indiana, Defendants.**

No. EV 80–113–C

United States District Court,
S. D. Indiana,
Evansville Division.

June 14, 1980.

James R. Monk, Pros. Atty., Sullivan, Ind., in pro. per.

Woodrow S. Nasser, Terre Haute, Ind., for plaintiff.

Robert F. Colker, Asst. Atty. Gen., Indianapolis, Ind., for defendants.

## ORDER

BROOKS, District Judge.

This matter is before the Court upon a hearing on a Motion for Preliminary Injunction. Fed.R.Civ.P. 65(a). Adequate notice was given to all parties, with both the petitioner and the adverse parties represented by counsel. The Court, having considered the plaintiff's motion for a preliminary injunction, the affidavits of the plaintiff and the plaintiff's counsel, and all arguments of counsel finds the following:

1.) That on May 22, 1980, James R. Monk, Prosecuting Attorney of Sullivan County, Indiana, obtained a valid search warrant from the Sullivan Circuit Court. He obtained the warrant by swearing to a probable cause affidavit, factually based on materials he had observed and purchased at the Danish Delight Adult Book Store on U.S. Highway 41, Sullivan County, Indiana.

2.) That pursuant to said search warrant, law enforcement officers of the State of Indiana searched the Danish Delight Adult Book Store, and seized two (2) copies of each item named in the search warrant, unless only one item was in the store.

3.) That the seizure of two copies was deemed reasonable and within the guidelines of Ind.Code 35–30–10.1–5 by Prosecutor Monk, and was deemed not in violation of the plaintiff's First Amendment rights under the United States Constitution by Prosecutor Monk.

4.) That this Court finds that the search of the Danish Delight Book Store was done pursuant to a legal search warrant, and that the seizure of two (2) copies of each item named in the warrant was not in violation of either Ind.Code 35–30–10.1–5 or the First Amendment to the Constitution of the United States.

5.) That the duty of this Court is not to levy on the constitutionality of Ind.Code 35–30–10.1–5, but to determine that said

search and seizure was performed within the guidelines of the First Amendment to the United States Constitution; and, it is the duty of the Courts of the State of Indiana to determine what is "reasonable and necessary" pursuant to Ind.Code 35–30–10.1–5.

6.) That a subsequent raid on the Danish Delight Book Store, pursuant to a second search warrant obtained from the Sullivan Circuit Court was also a legal search and seizure under Ind.Code 35–30–10.1–5, and was not in violation of the defendant's First Amendment rights under the United States Constitution.

7.) That also on May 22, 1980, James R. Monk procured an arrest warrant from the Sullivan Circuit Court for one Arthur Pinkston, a worker in the Danish Delight Book Store.

8.) That this arrest warrant was procured in violation of Ind.Code 35–30–10.1–6. Ind.Code 35–30–10.1–5 states that a warrant is required to make an arrest under 35–30–10.1–1 et seq., and Ind.Code 35–30–10.1–6 then directs how said arrest warrant is to be obtained.

9.) Ind.Code 35–30–10.1–6 explains that if evidence has been obtained by purchase, the Court shall direct the Clerk of the Court to issue notice to the defendant informing him or her of the availability of a prompt adversary hearing prior to the issuance of an arrest warrant. Such hearing must be demanded by the defendant within seven (7) days after notice is issued by the Clerk. If such hearing is not requested within seven (7) days after notice is issued by the Clerk, an arrest warrant may be issued for the arrest of the defendant. If, however, evidence has been obtained by seizure, the onus is on the defendant to request an adversary hearing within five (5) days after the seizure occurs. If such request is not made within five (5) days after the seizure occurs then an arrest warrant may be issued for the arrest of the defendant.

10.) That in the case before this Court, Prosecutor Monk obtained the arrest warrant for Arthur Pinkston at the same time he obtained the search warrant for the Danish Delight Book Store. Obviously, this was in derogation of Ind.Code 35–30–10.1–6 concerning the issuing of a legal arrest warrant.

11.) That a second subsequent arrest warrant was issued for Arthur Pinkston, pursuant to which he was again arrested, and said second arrest warrant was likewise in violation of Ind.Code 35–30–10.1–6 for the same reasons the first arrest violated Ind.Code 35–30–10.1–6.

12.) That an arrest warrant was also issued for one Terri Eddington, and that said arrest warrant was also procured at the same time a search warrant was procured for the Danish Delight Book Store. Such procedure was also in derogation of Ind.Code 35–30–10.1–6.

Based on the foregoing findings of fact and conclusions of law it is, therefore,

ORDERED that all contested searches and seizures of the Danish Delight Book Store were performed in compliance with Ind.Code 35–30–10.1–5. It is further

ORDERED that Prosecutor Monk's determination that two (2) copies of each item named in the warrant was "reasonable and necessary for the purpose of obtaining evidence" was not in violation of the First Amendment to the United States Constitution. It is further

ORDERED that the two arrest warrants used to arrest Arthur Pinkston on two separate occasions, and the arrest warrant used to arrest Terri Eddington, were obtained in violation of Ind.Code 35–30–10.1–6. It is further

ORDERED that the illegal arrests of Arthur Pinkston and Terri Eddington were in violation of the spirit of *Metzger v. Pearcy*, 393 F.2d 202 (7th Cir. 1968), in that such arrests were prior restraints of the defendants' First Amendment freedoms. It is further

ORDERED that the arrest warrants used to arrest Arthur Pinkston and Terri Eddington be QUASHED, and the arrests pursuant to said arrest warrants be VACATED. Any arrest of these defendants must

be effectuated pursuant to the guidelines of Ind.Code 35–30–10.1–6.

IT IS SO ORDERED.